IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WELLS FARGO BANK, N.A. AS TRUSTEE FOR OPTION ONE MORTGAGE LOAN TRUST 2007-FXD2 ASSET-BACKED CERTIFICATES SERIES 2007-FXD2,, | § § § § § § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:19-cv-2398-M-BN |
| LARRY D. STEPNEY, | § § § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

On October 10, 2019, Defendant Larry D. Stepney, proceeding *pro se*, removed to this Court a civil action arising out of a foreclosure proceeding brought in state court in Dallas County by Plaintiff Wells Fargo Bank, N.A. as Trustee for Option One Mortgage Loan Trust 2007-FXD2 Asset-Backed Certificates Series 2007-FXD2 ("Wells Fargo"). *See* Dkt. No. 3. His case was then referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from Chief Judge Barbara M. G. Lynn.

Wells Fargo moved to remand this case to state court on October 15, 2019. *See* Dkt. No. 6. Stepney responded to the motion. *See* Dkt. No. 9. And Wells Fargo replied. *See* Dkt. No. 10. The undersigned now enters these findings of fact, conclusions of law, and recommendation that, for the following reasons, the Court should grant the motion and remand this action to state court.

As explained in the motion to remand, and not challenged by Stepney's response,

> [t]his suit was originally filed by Plaintiff on November 2, [2018] in the 192nd Judicial District Court of Dallas County, Texas as Cause No. DC-18-16577. [Stepney] was personally served on November 28, 2018 and filed his answer on December 26, 2018. Defendant filed a Motion for Summary Judgment on August 7, 2019, which was heard and granted on October 9, 2019. At that time, the only remaining claims were Plaintiff's attorneys' fees, which Plaintiff voluntary non-suited on October 9, 2019. On October 10, 2019, before the Court could enter an order of non-suit of the attorneys' fees, Stepney removed this matter to this Court.

Dkt. No. 6, ¶ 1 (citations omitted).

Wells Fargo moves to remand this action on the bases that (1) the removal is untimely, (2) the removal violates the forum defendant rule, and (3) Stepney has not established federal question jurisdiction under 28 U.S.C. § 1331. *See* Dkt. No. 6. And, on reply, Wells Fargo contends that, even if Stepney has established diversity jurisdiction under 28 U.S.C. § 1332, his removal remains procedurally defective. *See* Dkt. Nos. 9 & 10.

A defendant may remove an action filed in state court to federal court if the action is one that could have originally been filed in federal court. *See* 28 U.S.C. § 1441(a). The federal courts' jurisdiction is limited, and federal courts generally may only hear a case of this nature if it involves a question of federal law or where diversity of citizenship exists between the parties. *See* 28 U.S.C. §§ 1331, 1332. "As a general rule, absent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003).

The removing party bears the burden of establishing jurisdiction. *See Miller v.*

*Diamond Shamrock Co.*, 275 F.3d 414, 417 (5th Cir. 2001). "[T]he basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty Oil Corp. v. Ins. Co. of N.A.*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citing *Ill. Cent. Gulf R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 & n.2 (5th Cir. 1983)). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

Federal question jurisdiction under Section 1331 "exists when 'a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 172 (5th Cir. 2009) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983)). "A civil action filed in a state court may be removed to federal court if the claim is one 'arising under' federal law," and, "[t]o determine whether the claim arises under federal law, we examine the 'well pleaded' allegations of the complaint and ignore potential defenses: [A] suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution." *Anderson*, 539 U.S. at 6 (citation and internal quotation marks omitted).

To support removal on this basis, a defendant "must locate the basis of federal jurisdiction in those allegations necessary to support the plaintiff's claim." *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 366 (5th Cir. 1995). "A federal question

-3-

exists 'if there appears on the face of the complaint some substantial, disputed question of federal law.'" *In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007) (quoting *Carpenter*, 44 F.3d at 366).

A defense or counterclaim, even if it is based in federal law or raises a disputed question of federal law, will not support federal question jurisdiction for purposes of removal. *See Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) ("Nor can federal question jurisdiction rest upon an actual or anticipated counterclaim.").[1] Rather, "[w]hen an action is brought to federal court through the § 1441 mechanism, for both removal and original jurisdiction, the federal question must be presented by plaintiff's complaint as it stands at the time the petition for removal is filed and the case seeks entry into the federal system. It is insufficient that a federal question has been raised as a matter of defense or as a counterclaim." *Metro Ford Truck Sales, Inc. v. Ford Motor Co.*, 145 F.3d 320, 326-27 (5th Cir. 1998) (internal quotation marks omitted). Thus, "there is generally no federal jurisdiction if the plaintiff properly pleads only a state law cause of action." *MSOF Corp.*, 295 F.3d at 490.

---

[1] *See also id.* at 62 ("Under our precedent construing § 1331 ..., counterclaims, even if they rely exclusively on federal substantive law, do not qualify a case for federal-court cognizance."); *Jefferson Cnty., Ala. v. Acker*, 527 U.S. 423, 430-31 (1999) ("To remove a case as one falling within federal-question jurisdiction, the federal question ordinarily must appear on the face of a properly pleaded complaint; an anticipated or actual federal defense generally does not qualify a case for removal."); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987) ("Thus, it is now settled law that a case may *not* be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue."); *see also MSOF Corp. v. Exxon Corp.*, 295 F.3d 485, 490 (5th Cir. 2002) ("A defense that raises a federal question is insufficient.").

When a plaintiff's pleadings set forth only state law claims, a federal district court has federal question jurisdiction to entertain the action only if "(1) the state law claims necessarily raise a federal issue or (2) the state law claims are completely preempted by federal law." *Bernhard v. Whitney Nat'l Bank*, 523 F.3d 546, 551 (5th Cir. 2008).[2]

Stepney has not established jurisdiction under Section 1331 by showing that Wells Fargo's state petition raised a substantial, disputed question of federal law or that Well Fargo's state law claims are completely preempted by federal law.

And, to the extent that diversity jurisdiction may exist, Stepney's removal was procedurally defective. First, an action may not be removed by any defendant, properly joined and served, who is a citizen of the state where the plaintiff filed suit, *see* 28 U.S.C. § 1441(b)(2) – a defect raised in the motion to remand, *see In re 1994 Exxon Chem. Fire*, 558 F.3d 378, 391 (5th Cir. 2009) (removal of case in violation of "forum-defendant rule" is defective). Stepney's removal is also untimely under 28 U.S.C. § 1446(b) – another defect raised in the motion to remand – as his notice of removal was filed well past 30 days after he was served in state court and there is no indication in the record that some subsequent "other paper" clarified "that the case is one which is or has become removable," 28 U.S.C. § 1446(b)(3).

---

[2] *See also Anderson*, 539 U.S. at 8 ("[A] state claim may be removed to federal court in only two circumstances – when Congress expressly so provides ... or when a federal statute wholly displaces the state-law cause of action through complete pre-emption." (citation omitted)); *Medina v. Ramsey Steel Co.*, 238 F.3d 674, 680 (5th Cir. 2001) ("[T]o support removal, the defendant must show that a federal right is an essential element of the plaintiff's cause of action.").

## Recommendation

The Court should grant the motion to remand filed by Plaintiff Wells Fargo Bank, N.A. as Trustee for Option One Mortgage Loan Trust 2007-FXD2 Asset-Backed Certificates Series 2007-FXD2 [Dkt. No. 6] and remand this action to the state court from which it was removed.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: February 26, 2020

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE